UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURI MILON,<br><br>  Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC., et al.,<br><br>  Defendants. | Case No. 23-cv-05342-JSW<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 6 |

Now before the Court for consideration is Plaintiff's motion to remand. The Court has considered the parties' papers, including the supplemental declaration Defendants filed in response to the Court's Order, relevant legal authority, and the record in this case.[1] The Court HEREBY GRANTS Plaintiff's motion.

## BACKGROUND

On July 14, 2022, Plaintiff filed a complaint in the Superior Court of the State of California for the County of San Mateo. Plaintiff alleges that on June 19, 2020, she was injured when a piece of plexiglass fell and hit her while at a Nordstrom located at 1771 E. Bayshore Road. Plaintiff asserts claims against Nordstrom Rack, Bayshore 1771, LLC ("Bayshore"), Nordstrom, Inc., Gateway 101, LLC, and 100 Doe defendants. (Notice of Removal, Ex. A, Complaint.) On October 19, 2023, Nordstrom, Inc. and Bayshore removed the action to this Court and asserted the Court has diversity jurisdiction.

The Court will address additional facts as necessary in the analysis.

---

[1]  Plaintiff filed a separate brief objecting to evidence Defendants submitted in support of the argument that Bayshore should be viewed as a sham Defendant. The Court did not need to consider the evidence to resolve the motion and overrules the objections as moot.

## ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 462 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

A defendant may remove any civil action brought in state court to a federal district court of which has original jurisdiction. 28 U.S.C § 1441(a). Removal based on diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000. *Id.* § 1332(a)(1).

Plaintiff argues Defendants have not met their burden to show the Doe defendants are diverse. That argument is not persuasive because "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining the propriety of removal. 28 U.S.C. § 1441(b)(1). Plaintiff also argues that Defendants have not met their burden to show Bayshore is diverse. Bayshore is an LLC and, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *see also McKay v. Fay Servicing, LLC,* No. 23-cv-3731-EMC, 2023 WL 4848855, at *1 (N.D. Cal. July 28, 2023). Bayshore did not address the citizenship of its members in its Notice of Removal or in the opposition to the motion to remand. The Court ordered supplemental briefing. In response, Defendants filed a declaration in which they attest that Giverny Corporation is Bayshore's sole member and attest that Giverny is a Nevada corporation. (Declaration of Adriana Rivero, ¶ 4, Exs. 1-2.) The Court is satisfied that

Plaintiff, Nordstrom, and Bayshore are diverse.

Defendants did not address the members of Gateway in their Notice of Removal. They asserted Gateway was a South Carolina "corporation" and referenced a South Carolina address. The exhibit in support of the Notice of Removal states only that it is a Delaware limited liability company. (Notice of Removal, ¶ 8; Genge Decl., ¶ 5, Ex. 3). Defendants also attached a Grant Deed to their opposition, which suggests that Gateway's manager is a Florida corporation but does not provide any additional information about whether the manager is its sole member.

It is not clear that Gateway's members are diverse from Plaintiff. As the parties seeking to invoke Federal jurisdiction, Defendants bear the burden to show the parties are completely diverse. In their supplemental declaration, Defendants attest they cannot provide any additional information about Gateway's citizenship. (*Id.* ¶ 7.)[2] Because "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," the Court GRANTS the motion to remand. *Gaus*, 980 F.2d at 566. The Clerk shall remand this case to San Mateo Superior Court and close this file.

**IT IS SO ORDERED**.

Dated: December 19, 2023

JEFFREY S. WHITE
United States District Judge

---

[2] Defendants note that there is no proof that Gateway has been served, but that does not alter the Court's analysis. *Cf. Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 n.1 (9th Cir.1969);

3